# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INELL FOYE, | : |
|     Plaintiff, | : |
| v. | :   Civ. No. 11-7913 |
| | : |
| KENNETH CAMERON, et al., | : |
|     Defendants. | : |

## O R D E R

Petitioner Inell Foye has filed *pro se* Objections to the Magistrate Judge's Report and Recommendation regarding his Petition for habeas relief. *(Doc. Nos. 1, 12, 13, 16)*; 28 U.S.C. § 2254 (1996). I will overrule the Objections, deny his request for a Franks hearing, approve and adopt the Report and Recommendation, and deny both his Petition and Request for a Certificate of Appealability. *(Doc. Nos. 12, 13, 1, 16.)*

I.     FACTUAL BACKGROUND

On September 16, 2010, following a jury trial in the Leigh County Common Pleas Court, Petitioner was convicted of possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, conspiracy to deliver a controlled substance, and escape. *(Doc. No. 1 at 1.)* As found by the state court, the evidence showed that on February 9, 2009, police arrested Petitioner on drug charges. Commonwealth v. Foye, Nos. 673-2009, 674-2009, 678-2009, 2010 Pa. D. & C. Dec. LEXIS 174, at *7 (C.C.Pl. Leigh Cnty., Feb. 9, 2010). Allentown Police Detective Boyer informed Petitioner of his Miranda rights, which Petitioner agreed to waive. Id. at *8. After some initial questions about where Petitioner lived, Detective Boyer left Petitioner to speak to other officers. Id. at *9. When he returned, Petitioner stated, "I think I might want to talk to a lawyer." Id. Detective Boyer stopped

questioning Petitioner. Id.

Petitioner was then transported to the Allentown Police Headquarters. Id. at *10. During processing, Petitioner asked Detective Boyer questions about his case. Id. Detective Boyer told Petitioner that he could not discuss the case because Petitioner had requested an attorney. Id. When Petitioner continued to ask questions, Detective Boyer again advised Petitioner of his Miranda rights. Id. Petitioner stated that he understood his rights and signed a "rights and waiver" form. Id. Petitioner then gave Detective Boyer information about other drug dealers. Id. at *10.

Detective Boyer left Petitioner to execute a search warrant for Petitioner's residence. Id. at *12. There, police found approximately 70 grams of crack cocaine, 5 grams of powder cocaine, a digital scale with cocaine residue, a box of sandwich baggies, a police scanner, and $4,000 cash. Id.

After the search, Detectives Boyer and Billera interviewed Petitioner again. Id. Detective Billera advised Petitioner of his Miranda rights for a third time. Id. Petitioner again stated that he understood those rights and signed a second Miranda waiver. Id. After some questioning, Petitioner asked for a lawyer. Id. The detectives stopped interrogating Petitioner, who was returned to his cellblock. Id. Later that night, Petitioner escaped. He was rearrested on February 11, 2009. Id.

Before trial, Petitioner filed motions to suppress all post-arrest evidence, including the drugs and related materials, as well as Petitioner's statements to police. After holding hearings on July 14, 2009 and October 15, 2009, the court denied the suppression motions. Id. at *24. Following trial, the court sentenced Petitioner to an aggregate term of nine years and nine

2

months to twenty-five years. *(Doc. No. 1 at 1.)* The Pennsylvania Superior Court denied Petitioner's direct appeal. Commonwealth v. Foye, 38 A.3d 915 (Pa. Super. Ct. 2011).

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus on December 30, 2011, arguing, *inter alia*, that the police violated his Fifth Amendment rights by (1) continuing to interrogate him after he asked for an attorney, and (2) waiting until mid-interrogation to advise him of his Miranda rights. *(Doc. No. 13 at 3-9.)* Petitioner also argues that the state court's consideration of the signed Miranda waiver was inappropriate, because the waiver was invalid. The Magistrate Judge recommends that I deny the Petition in its entirety. *(Doc. No. 12 at 32.)* Petitioner has objected to the Magistrate Judge's conclusions. *(Doc. Nos. 13, 16.)*

II. STANDARD OF REVIEW

I must review *de novo* those portions of the Magistrate Judge's Report and Recommendation to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. Id.

III. OBJECTIONS

   A. *Alleged Miranda Violations Due to Interrogation after Attorney Request*

Petitioner objects to the Magistrate Judge's conclusion that no Miranda violations occurred. Petitioner argues that Detective Boyer violated the Fifth Amendment after Petitioner's arrest by continuing to interrogate him after Petitioner asked for counsel. *(Doc. No. 13 at 3-9.)*

I agree with the Magistrate Judge that the Detective permissibly questioned Petitioner

3

after Petitioner again began discussing his case with authorities and then waived his Miranda rights. United States v. Velasquez, 885 F.2d 1076, 1084 (3d Cir. 1989) (police must stop interrogating a defendant when he requests an attorney, unless the defendant re-initiates conversation with the authorities and knowingly and voluntarily waives his right to counsel). The state court found that Petitioner "reinitiated conversation with the police, was again advised of his rights, and knowingly and intelligently waived his rights." Commonwealth v. Foye, 2010 Pa. Dist. & Cnty. Dec. LEXIS 174, at *21. I agree with the Magistrate Judge that the state court's determination was reasonable and did not contravene federal law. See Velasquez, 885 F.2d at 1085-86 (the defendant asking about the case constitutes initiation; suggesting that waiver of rights after new Miranda warnings would pass constitutional muster). Accordingly, I overrule Petitioner's objection.

### B. *Mid-interrogation Miranda Violation*

Petitioner also objects to the Magistrate Judge's rejection of his contention that Detective Boyer "Mirandized" Petitioner in the middle of an interrogation and "Miranda warnings given 'mid-interrogation' are ineffective." *(Doc. No. 13 at 6-7; citing to Missouri v. Siebert, 542 U.S. 600 (2004).)*

Again, I agree with the Magistrate Judge. The facts found by the state courts (and supported in the record) show that Petitioner was "Mirandized" after some routine booking questions, not during interrogation. *(Doc. No. 1, Tr. July 14, 2009 at 61-62) (questions before renewed Miranda warnings included age, birthday, tattoos, etc.)*; United States v. Bishop, 66 F.3d 569, 572 n.2 (3d Cir. 1995) (routine booking questions do not constitute an "interrogation"). I agree with the Magistrate Judge: the state court's finding that no Miranda violation occurred is

not contrary to federal law. Accordingly, I overrule Petitioner's objection.

### C. *Miranda Waiver*

Petitioner objects to the Magistrate Judge's conclusion that he waived his Miranda rights. *(Doc. No. 13 at 6-7.)* I agree with the Magistrate Judge.

The state court acknowledged that there were discrepancies in Detective Boyer's testimony concerning Petitioner's Miranda waiver, but credited the Detective's testimony and found that Petitioner had knowingly and voluntarily waived his rights. Commonwealth v. Foye, 2010 Pa. Dist. & Cnty. Dec. LEXIS at *21 n. 16. The state court also correctly noted that valid Miranda waivers need not be in writing. Id. I agree with the Magistrate Judge that the state court's determination is not unreasonable or contrary to federal law. See also 28 U.S.C. § 2254(e)(1) (state court's credibility determinations are entitled to a presumption of correctness). Accordingly, I deny Petitioner's objection.

## IV. FRANKS HEARING

Finally, Petitioner requests an evidentiary hearing pursuant to Franks v. Delaware. 438 U.S. 154 (1978). Petitioner did not make this request before the Magistrate Judge. In any event, Petitioner is, in effect, seeking another suppression hearing (in this Court) on his Fourth Amendment claims to which he is not entitled. See Stone v. Powell, 428 U.S. 465, 494 (1976) (habeas petitioner not entitled to hearing on Fourth Amendment claims if he had an opportunity for full and fair litigation on those claims in state court).

V.   CERTIFICATE OF APPEALABILITY

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Where I reject a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Jurists of reason would not find debatable whether Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

VI.   CONCLUSION

**AND NOW**, this 29th day of January, 2013, upon consideration of the pleadings and the record herein, and after review of the Magistrate Judge's Report and Recommendation, it is hereby **ORDERED** that:

> (1) Petitioner's Objections to the Report and Recommendation *(Doc. Nos. 13, 14)* are **OVERRULED**;
>
> (2) the Magistrate Judge's Report and Recommendation *(Doc. No. 12)* is **APPROVED** and **ADOPTED**;
>
> (3) Petitioner's Request for a Franks Hearing *(Doc. No. 16)* is **DENIED**;
>
> (4) the Petition for Writ of Habeas Corpus *(Doc. No. 1)* is **DENIED**; and
>
> (5) there is no basis for the issuance of a certificate of appealability.

The Clerk's Office shall close this case for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
———————————————
Paul S. Diamond, J.